### 6640

#### COOPER v. SEABOARD AIR LINE RY.

CARRIER—FREIGHT—CONSTITUTIONAL LAW—24 STAT., 81.—Where the terminal carrier offers no evidence as to damage to interstate shipment of freight, the presumption is the damage occurred on its own line, and in such case the act, 24 stat., 81, does not contravene the interstate commerce clause of the Federal Constitution, and the carrier is liable for the penalty therein prescribed upon recovery of amount claimed.

Before MEMMINGER, J., Richland, December, 1906. Affirmed.

Action by J. B. Cooper against Seaboard Air Line Railway. From judgment affirming judgment of magistrate court, defendant appeals.

*Messrs. E. L. Craig* and *Lyles & McMahan,* for appellant, cite: *One element of interstate commerce is transportation:* 9 Wheat., 189; 17 Ency., 62; 16 Pet., 539. *The proviso does not relieve the burden on interstate commerce as damage to freight. Murphey* v. *Ga. Rd.:* 75 S. C., 276.

*Messrs. DePass & DePass,* contra, cite: *Doubts are resolved in favor of constitutionality of statute:* Cool. Con. Lim., 216; 12 Wheat., 213; 94 U. S., 113; 4 Dall., 14; 155 U. S., 461; 73 S. C., 71; 75 S. C., 276. *Under facts here*

*presumption is loss occurred on line of terminal carrier:* 66
S. C., 477; Hutch. on Car., 146, 152.   *Statute does not vio-
late interstate commerce clause of U. S. Constitution, nor
regulate such commerce:* 93 U. S., 103; 94 U. S., 164; 109
N. C., 279; 128 U. S., 1; 63 Ind., 552; 179 U. S., 270; 169
U. S., 311, 133.   *It is a reasonable regulation:* 176 U. S.,
498; 17 Wall., 357; 174 U. S., 580; 169 U. S., 133, 311; 8
Cyc., 925; 16 Cyc., 934; 25 Sup. Ct. R., 218; 75 S. C., 276.
*Which the State has the power to make:* Cool. Con. Lim.,
715; 169 U. S., 613; 173 U. S., 299.

September 6, 1907.   The opinion of the Court was deliv-
ered by

MR. JUSTICE JONES.   In this action, brought in a magis-
trate court, plaintiff sought to recover of defendant $8.00
damages by breakage while in its possession to a shipment of
a box of crockery ware from Cincinnati, Ohio, to Blaney, S.
C., and $50.00 penalty for failure to adjust and pay the claim
within ninety days after the filing thereof, as prescribed by
the act of February 23, 1903, 24 Stat., 81.   The first trial
resulted in a verdict for plaintiff, which, on appeal to the
Circuit Court, was set aside and the case remanded to the
magistrate court for new trial because of error in the admis-
sion of testimony.   On the second trial before the magis-
trate, judgment was rendered in favor of plaintiff in the
sum of $58.00, and on appeal to the Circuit Court, this judg-
ment was affirmed, from which defendant appealed to this
Court on one exception, assigning error to the Circuit Court
in holding the act of February 23, 1903, 24 Stat., 81, not
violative of art. 1, sec. 8, clause 3, of the Constitution of the
United States relating to interstate commerce.

On the trial before the magistrate court, defendant of-
fered no testimony, and the only testimony offered by plain-
tiff was proof of damage by breakage to the goods received.
There was a presumption, therefore, that the goods were
damaged while in the possession of defendant, the terminal
carrier.   *Willet* v. *Ry. Co.,* 66 S. C., 478; *Walker* v. *Ry.,*

76 S. C., 309, and the finding of fact on this point by the Circuit Court is conclusive. This case, therefore, falls within the principle stated in *Charles* v. *A. C. L. R. R. Co., ante,* 36, which sustained the constitutionality of this statute as applied to carriers doing business in this State in whose possession goods were lost or damaged.

The judgment of the Circuit Court is affirmed.