### 7706

### TRAKAS v. CHARLESTON & WESTERN CAR. RY. CO.

1. CARRIER—PRESUMPTIONS—PERISHABLE FREIGHT.—Where a car of perishable freight is promptly delivered by the connecting carrier to the terminal carrier and by it delayed in transportation and delivered in bad condition, with ventilators closed, the presumption arises that the damages occurred on the terminal carrier.

2. IBID.—SUNDAY.—Any freight train in transit which may reach its destination on Sunday morning by 6 o'clock may be lawfully run on that part of Sunday to its destination, and fruit and vegetable trains may run on Sunday without limitation as to hours.

Before MEMMINGER, J., Spartanburg, April Term, 1909. Affirmed.

Action by N. S. Trakas against Charleston and Western Carolina Ry. Co. From judgment for plaintiff, defendant appeals.

*Mr. S. J. Simpson,* for appellant, cites: *Presumption is goods were delivered to terminal carrier in same condition it delivered them:* 16 S. W. 184; 3 Hutch. on Car. 1593; 4 Elliott on R. R. sec. 1481; Moore on Carriers 490. *Carrier is not liable for damages caused by inherent nature of goods:* 1 Hutch. on Car. sec. 334; 68 N. H. 338; 66 Miss. 319; 3 Ill. App. 251; 6 Watts 424; 102 Mass. 276; 1 Black. 170; 18 How. 231; 51 N. Y. 61; 7 Ex. 373; 36 S. E. 240. *Running on Sunday:* Code 1902, 2122; 24 Stat. 83.

*Mr. Ralph K. Carson,* contra, cites: *Presumption of damages on terminal carrier is conclusive in absence of rebutting evidence:* 66 S. C. 478; 76 S. C. 309; 78 S. C. 36, 81; 40 Am. R. 457. *This presumption is not affected by the perishable nature of the goods:* 17 S. E. 338; 7 L. R. A. 280; 74 N. C. 538; 65 S. C. 271; 173 Pa. St. 398; 2 Hutch. on Car. 505.

November 4, 1910.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. Plaintiff recovered judgment against defendant in this action for damages for negligent delay in transportation and negligent handling of a car load of bananas shipped to plaintiff at Spartanburg, S. C.   The car was shipped from New Orleans on Tuesday January 23, 1906, and was delivered by the Georgia Railroad to the defendant Company at Augusta, Ga. on Saturday January 27th at 7:40 a. m. and was transported same day to Laurens, S. C., arriving there on schedule time at about 8 o'clock that night.   Although Spartanburg is less than forty miles distant from Laurens, the car load of bananas was left at Laurens from 8 o'clock p. m. Saturday to Monday morning, and then transported to Spartanburg, arriving there at 11:28 a. m. that day.   When tendered to plaintiff, the ventilators were closed tight and the bananas were steaming hot, over ripe, decaying and worthless, and plaintiff declined to

receive the shipment. There was no evidence that the bananas were in bad condition when delivered to defendant, and there was evidence that such fruit could spoil in an air tight car within twenty-four hours or less, and that the opening of the ventilators would have tended to preserve the bananas for several days. No explanation was suggested as to the delay in Laurens, except that Sunday intervened between the arrival of the shipment at Laurens, and its departure for Spartanburg. The defendant in a letter acknowledging receipt of plaintiff's claim said: "I assure you that we shall be able to make settlement within 30 days from date."

At the close of plaintiff's testimony defendant offered no testimony, but moved for nonsuit on the ground that there was no testimony tending to show that defendant was liable.

The foregoing statement shows that the exceptions to the refusal of nonsuit cannot be sustained.

There was nothing to rebut the presumption that the damages occurred while the goods were in defendant's possession. *Charles* v. *Ry.,* 78 S. C. 38, 58 S. E. 927; *Cooper* v. *Ry.,* 78 S. C. 82, 58 S. E. 930.

Besides there was some evidence of neglect of reasonable precaution to protect the perishable fruit by proper ventilation while in defendant's custody, and of an unreasonable delay in Laurens in view of the nature of the freight.

An exception to the charge raises the question that there is no presumption that the loss occurred on the line of the delivering carrier in the case of perishable goods, as in the case of other shipments.

No exception to the rule arises because of the perishable nature of the goods. *Central R. R.* v. *Hasselkus,* 17 S. E. Rep. 839; *Beard* v. *Ill. Central,* 7 L. R. A. 280. When the goods are perishable the carrier should exercise care in view of that fact, and when perishable goods are delivered by the carrier in a damaged condition, the presumption makes it

incumbent on the carrier to show that its negligence did not contribute to bring about or hasten the deterioration.

While the carrier is not liable for losses caused by the inherent nature of the goods, it is liable for damages which result from its failure to exercise due care in view of the nature of the goods.

With reference to the transportation of freight in this State on Sunday, the Court charged that if goods were upon the defendant's train in transit, and the train could have reached Spartanburg by six o'clock in the forenoon of Sunday, the railway company would have had the right to carry the freight on to Spartanburg, if necessary to run its train on Sunday to do so. The exception assigns that the charge was erroneous under the undisputed facts, and the law of this State. We might well dismiss the exception as too general for consideration.

The testimony referred to is probably the fact that the car came to Laurens in train No. 17 and left Laurens in train No. 13. This fact, however, does not show conclusively that the goods were not in transit from Augusta, Ga., to Spartanburg, S. C., and the Court left it to the jury to say if the goods were in transit. Section 2122 of the Civil Code, as amended by the act of February 21, 1903, 24 Stat. 83, provides that trains laden exclusively with vegetables and fruit may run on Sunday without limitation as to hours, and further provides that such freight trains as may be in transit which can reach their destination by six o'clock in the forenoon may run within such hours on Sunday. There was no testimony to explain why train No. 17 did not go on to Spartanburg on Saturday evening and why this train or train No. 13 could not reach Spartanburg before six o'clock Sunday morning.

We find no error in the charge.

The judgment of the Circuit Court is affirmed.